# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CHRIS FORDHAM,                    )
                                  )
              Plaintiff,        )
                                  )
              v.                )    1:08CV371
                                  )
MARRIETTA BARR, et al.,           )
                                  )
              Defendants.       )

## ORDER AND MEMORANDUM OPINION AND RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

This matter comes before the Court on two matters. The first is Plaintiff's second motion for a preliminary injunction and temporary restraining order. The second concerns Plaintiff's failure to obey court orders and to serve the Defendants in this action.

With respect to the first matter, Plaintiff has again filed a motion for a preliminary injunction and temporary restraining order without serving any of the Defendants. Previously, Plaintiff filed such a motion on December 4, 2008. The motion was denied because Plaintiff had failed to serve any of the Defendants. (Docket No. 18.) Plaintiff's new motion suffers from the same defect. For this reason, it also will be denied without prejudice. On the other hand, this motion brings to fore another, more serious, problem, which is that Plaintiff has failed and refused to serve any of the Defendants, even though the Court has ordered him to do so.

Plaintiff was allowed to proceed in forma pauperis with respect to his complaint which was filed on June 4, 2008. Prior to service, Plaintiff filed a motion to amend the complaint. The motion was granted on the condition that Plaintiff produce additional copies of the amended complaint for each Defendant, both the new and the old. Thereafter, Plaintiff withdrew the amended complaint and the Court ordered that the Clerk send Plaintiff summonses to complete so that the original Defendants could be served. (Docket No. 15.) The Clerk did this, but the package containing the summonses was returned because Plaintiff refused to sign a receipt for the mailing.

Plaintiff then filed a motion for a preliminary injunction and temporary restraining order (docket no. 16) which was denied because Plaintiff failed to serve the Defendants. He then filed the instant motion for a preliminary injunction which is being denied again for failure to serve the Defendants. The docket sheet shows that Plaintiff has failed to serve the Defendants in violation of Fed. R. Civ. P. 4(m) and that more than 120 days have passed since the filing of the complaint. That rule specifies that the action shall be dismissed without prejudice. However, in this case, for the following reasons, the complaint should be dismissed with prejudice.

Plaintiff is not prosecuting this action and has been ignoring and disobeying instructions and orders from the Court. In the September 26, 2008 order wherein the Court permitted Plaintiff to withdraw the amended complaint, he was again instructed that he was

-2-

required to serve all pleadings on all the Defendants, and instructed that he had to return the summonses which had previously been mailed to him with respect to the original Defendants. To make sure there were no problems, the Court instructed the Clerk to again send summonses to Plaintiff for completion for the purpose of serving the original complaint on the Defendants. The Clerk complied with the order by sending the summonses, but Plaintiff refused to receive them. Instead, he waited almost two months and then filed a motion for a preliminary injunction which was denied because of Plaintiff's failure to serve the Defendants. (Docket No. 18.)

Rule 41 of the Federal Rules Civil Procedure provides that an action may be dismissed with prejudice if a Plaintiff fails to prosecute the action and/or disobeys an order of the court. Fed. R. Civ. P. 41(b). In making a determination of whether there should be a dismissal, the Court may consider four factors, which are: (1) the degree of the plaintiff's personal responsibility; (2) the existence of a protracted history of deliberately proceeding in a dilatory fashion; (3) the amount of prejudice to the defendants caused by delay; and (4) whether less drastic sanctions are available. Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991); Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989). In addition, the Court may consider the need to have cases moved along the court's docket without undue delay. Pacific Indemn. Co. v. United States, 66 F.R.D. 493 (E.D.N.C. 1975).

In the instant case, a review of these factors counsels that this action should be dismissed. Considerable court time has already been expended on this Plaintiff who is seeking to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and, therefore, because of the privilege has a higher degree of responsibility with respect to following rules and obeying court orders. First, it is clear that Plaintiff is personally responsible for all of the inaction in this case in the failure to have the Defendants served, while at the same time attempting to have the Court act on <u>ex</u> <u>parte</u> motions on numerous occasions. Thus, there is a history of protracted or dilatory proceeding. While, in this case, the Defendants have not been prejudiced directly because of the delay, they have indirectly been prejudiced because more than six months have passed since the filing of the complaint and still the Defendants have not been served. Time alone can erode memories, making an action stale and thereby prejudicing the Defendants. Finally, there does not appear to be any lesser drastic sanction because Plaintiff seeks to proceed as a pauper and, therefore, has limited assets to pay any sanctions. As a result, the only option left for the Court would be to again order Plaintiff to serve the Defendants, but he has already ignored those orders on a number of occasions and, therefore, to do so would merely be to perform a futile action.

For all these reasons, it is determined that this action should be dismissed with prejudice for Plaintiff's failure to prosecute this action and obey orders of the Court. As mentioned

-4-

previously, the action must be dismissed in any event, albeit without prejudice, because of Plaintiff's violation of Rule 4(m).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a preliminary injunction and temporary restraining order (docket no. 19) is denied without prejudice because of Plaintiff's failure to serve the Defendants.

**IT IS RECOMMENDED** <u>sua</u> <u>sponte</u>, pursuant to Fed. R. Civ. P. 41(b), that this action be dismissed with prejudice for Plaintiff's failure to prosecute this action and obey orders of the Court.


_____
**United States Magistrate Judge**


January 22, 2009